**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William Edward Morehead, | ) | |
| Petitioner, | ) ) | No. CV-99-2157-PHX-PGR |
| vs. | ) ) | |
| Dora B. Schriro, et al., | ) ) | ORDER |
| Respondents. | ) ) | |

Pending before the Court is the petitioner's Application for Leave to File Rule 60(b)(4) for Relief from a Judgment or Order (doc. #34).  Having considered the parties' memoranda in light of the record, the Court finds that the petitioner's motion should be denied.

Background

The petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 8, 1999.  The petitioner raised several grounds for relief in his petition, one of which, Ground 7, alleged that his consecutive sentences for a single act amounted to double jeopardy and cruel and unusual punishment in violation of the Eighth Amendment.  Magistrate Judge Verkamp entered a Report and Recommendation on August 15, 2000 (doc. #18) in which he recommended that the petition be denied in part because the petitioner had

procedurally defaulted on six of his grounds for relief, including the claims raised in Ground 7, and had not shown any cause for those procedural defaults. The Court entered an order on November 8, 2000 (doc. #21) that adopted the Report and Recommendation and dismissed the § 2254 petition; the judgment of dismissal (doc. #22) was entered that same day.  The petitioner filed his notice of appeal (doc. #23) on November 20, 2002.  The Ninth Circuit issued a certificate of appealability in an order entered on March 22, 2001 (doc. #27); the certificate was limited solely to the issue of whether this Court properly dismissed the petitioner's ineffective assistance of appellate counsel claim.  The Ninth Circuit dismissed the appeal on September 16, 2002 (doc. #28) on the ground that the petitioner had waived the only issue allowed by the certificate of appealability because he failed to mention that issue in his opening brief; the Ninth Circuit's mandate was issued on January 29, 2003 (doc. #28).  The petitioner filed a petition for certiorari with the United States Supreme Court on January 22, 2003, but it was denied on February 24, 2003.

The petitioner filed a Motion for Relief from a Judgment or Order (doc. #29) pursuant to Fed.R.Civ.P. 60(b)(6) on May 25, 2005.  The petitioner argued in that motion that the Court erred by improperly dismissing his prosecutorial misconduct claim in his § 2254 petition as being waived or procedurally defaulted.  The Court, in an order (doc. #33) entered on March 31, 2006, denied the motion because the petitioner had not established any Rule 60(b)(6) ground for vacating the judgment.

Discussion

The petitioner's current motion, filed pursuant to Rule 60(b)(4) on March 31, 2008, argues that the trial court's imposition of consecutive sentences on him

for a single act that was punishable under different sections of state law violated A.R.S. § 13-116 and constituted cruel and unusual punishment under the Eighth Amendment.  The petitioner seeks in part to have his habeas petition granted and his conviction and sentence reversed.

To the extent that the petitioner's motion is liberally construed as seeking to have the Court reconsider its judgment dismissing his claim raised in Ground 7 of his § 2254 petition, the Court initially concludes that the petitioner may properly seek such reconsideration through the mechanism of a Rule 60(b) motion because the Court, by finding that the petitioner had procedurally defaulted on Ground 7, never reached the merits of that claim.  See Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 2648 and n.4 (2005) (Supreme Court, in holding that a motion for relief from judgment which challenges only the district court's prior ruling that the habeas petition was time-barred is not the equivalent of a second or successive petition and may be considered under Rule 60(b), noted that a habeas petitioner may bring a Rule 60(b) motion if he is asserting "that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.");  see also, Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004) (Court noted that "Rule 60(b) is the appropriate rule to invoke when one wishes a court to reconsider claims it has already decided [in a § 2254 petition]."), *cert. denied*, 544 U.S. 908 (2005) .

The Court further concludes, however, that the petitioner has not made any showing that the Court's judgment is void for purposes of Rule 60(b)(4), or that he is entitled to relief under any other provision of Rule 60(b) - he does not in fact contend, must less establish, that the Court erred in concluding that he had

procedurally defaulted on Ground 7 and had not shown any cause for that procedural default; his only arguments improperly go to the merits of his contention that he should not have been given consecutive sentences.[1]
Therefore,

IT IS ORDERED that petitioner Morehead's Application for Leave to File Rule 60(b)(4) for Relief from a Judgment or Order (doc. #34) is denied.

DATED this 27th day of May, 2008.

Paul G. Rosenblatt
United States District Judge

---

[1] The petitioner's argument that the trial court violated state law in sentencing him to consecutive sentences, which does not appear to be a claim he even raised in his § 2254 petition, cannot in any case be a basis for granting him habeas relief because it is well established that "[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), *cert. denied*, 514 U.S. 1026 (1995).

- 4 -